**Phuong Anh Thi TRUONG and Duc La, Appellants,**

v.

**SEARS ROEBUCK & CO., Weingarten Realty Management Company, and WRI Management Company, Appellees.**

No. 01–95–00683–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 13, 1997.

Hellmut A. Erwing, Houston, for Appellants.

Ronald C. Lewis, Michael Choyke, J. Preston Wrotenbery, Kevin D. Jewell, Houston, for Appellees.

Before HEDGES, COHEN and TAFT, JJ.

## OPINION ON MOTIONS FOR REHEARING

HEDGES, Justice.

Appellants Duc La (La) and Phuong Anh Thi Truong (Truong), and appellees Weingarten Realty Management Company, and WRI Management Company have filed motions for rehearing. We grant both motions for rehearing, vacate our opinion and judgment of December 12, 1996, and substitute this opinion in its place.

Appellants, husband and wife, sued appellees, Sears Roebuck & Co. (Sears), Weingarten Realty Management Company (Weingarten), and WRI Management Company[1] for personal injuries arising out of a purse snatching incident at the entrance to a Sears store. Summary judgment was granted in favor of Sears, Weingarten, and WRI. Truong and La argue that the trial court erred in granting Sears' motion for summary judgment because a question of fact exists as to the date the purse snatching occurred. They argue that the trial court erred in granting Weingarten's motion for summary judgment because questions of fact exist as to whether (1) Weingarten owed a duty to Truong; (2) Weingarten breached the duty it owed Truong; and (3) Truong suffered injuries and damages because of Weingarten's

breach. Weingarten contends that (1) it established that there are no questions of fact as a matter of law, and (2) much of Truong's evidence was improper and should not be considered on appeal.

## I. Standards of Review

### A. Summary judgment.

Summary judgment is proper only when the movant shows that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Massey v. Houston Baptist Univ.*, 902 S.W.2d 81, 83 (Tex.App.—Houston [1st Dist.] 1995, writ denied). To be entitled to summary judgment, a defendant must either conclusively negate at least one element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense to each claim. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex.1995).

### B. Premises liability for third party criminal acts.

As a general rule, a landowner has no duty to prevent criminal acts of third parties who are not under the landowner's supervision or control. *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex.1996). Whatever duty a lessor may have does not arise unless there is a foreseeable risk of such injury. *Id.* A lessor is entitled to summary judgment if it establishes as a matter of law that criminal acts resulting in personal injury to patrons of the premises were not foreseeable. *Id.*

## II. Summary Judgment for Sears

In points of error one and two, Truong and La argue that the trial court erred in granting summary judgment for Sears because there was a question of fact regarding the date on which appellant was attacked. Sears' motion for summary judgment refers to the date of attack as February 6, 1992. Truong and La's response to the motion for summary judgment and evidence states that the date of the attack was February 5, 1991.

---

1. Truong and La have not brought a point of error attacking the trial court's order granting summary judgment for WRI. All parties to the appeal, including WRI, however, treat WRI as if it were an appellee, and WRI has fully participated in the appeal. Under these circumstances, we will also treat WRI as an appellee.

Sears filed a timely reply to the response, calling the discrepancy a typographical error, and corrected the date in its motion. Therefore, Sears' motion properly reflected the date of the injury.

We overrule points of error one and two.

We affirm the summary judgment as to Sears.

### III. Summary Judgment for Weingarten

In point of error three, Truong and La argue that the trial court erred in granting summary judgment in favor of Weingarten because there was a question of fact whether Weingarten owed a duty to Truong. In point of error four, Truong argues there was a question of fact whether Weingarten breached the duty it owed Truong. In points of error five and six, Truong argues that there was a question of fact whether Truong suffered injuries and damages because of Weingarten's breach.

Weingarten argues first that it owed no duty to Truong because the purse snatching was not foreseeable. It then argues that its acts and omissions were not the proximate cause of Truong's injuries because (1) Truong caused her own injuries by fighting with her assailant, and (2) Weingarten merely created a condition which made the injuries possible.

#### A. The Assault.

On February 5, 1991, Truong parked at the Bellwood Shopping Center in Houston, Texas, in front of the Sears store. Sears was a tenant of the shopping center, which was managed by Weingarten. As Truong and her three children entered the Sears store from the parking lot, a man followed her in and grabbed her purse. As Truong struggled to keep her purse, the assailant struck her. She fell and hit her head on the door and concrete walkway just outside the store. A customer responded to Truong's calls for help, and the assailant fled without Truong's purse.

#### B. Weingarten's Duty.

■ Weingarten contends that it owed no duty to prevent the criminal acts of third parties because such acts were not foresee-

able. As summary judgment proof, Weingarten filed the affidavit of Candy Tillack, the shopping center property manager and a Weingarten employee. Tillack stated in part as follows:

3. Between January 1, 1988 and the time of the incident which is alleged by Plaintiffs to have occurred on or about February 5, 1991, I as the representative of [Weingarten] had no personal knowledge of any criminal activity involving a personal injury or assault at the Bellwood Shopping Center.

4. I had no knowledge of or reason to know of any prior criminal acts dangerous to customers of tenants of the Bellwood Shopping Center between January 1, 1988 and February 5, 1991.

■ This affidavit is insufficient to establish that the criminal act by a third party assailant was not foreseeable. Foreseeability requires a twofold inquiry: whether Weingarten (1) **knew** or (2) **should have known** of previous criminal activity that would have led it to foresee the assault on Truong. Tillack's legal conclusion that she had no "reason to know of any prior criminal acts dangerous to customers of tenants of the Bellwood Shopping Center . . ." is of no value whatsoever as evidence of lack of foreseeability. *Beta Supply, Inc. v. G.E.A. Power Cooling Sys., Inc.,* 748 S.W.2d 541, 542 (Tex. App.—Houston [1st Dist.] 1988, writ denied). Therefore, Weingarten has not established as a matter of law that it owed no duty to appellants.

We sustain point of error three.

#### C. Proximate Cause of Injuries.

■ Weingarten argues that its acts or omissions were not the proximate cause of Truong's injuries because it was her own struggle with her assailant that caused her injuries. Much is made of the assertion that Truong controlled her own conduct. We reject this argument as contrary to public policy. A citizen of this state should not be obliged to peaceably hand over his or her own property to a thief. Our penal code provides that "[a]ll persons have a right to prevent the consequences of theft by seizing

any personal property which has been stolen and bringing it, with the supposed offender, if he can be taken, before a magistrate for examination, or delivering the same to a peace officer for that purpose." TEX.CODE CRIM. PROC. ANN. art. 18.16 (Vernon 1977). This article embodies the societal judgment that defense of property is to be protected, not vilified by blaming the victim for injuries inflicted upon her by a thief.

Weingarten also argues that the criminal act of the third party was a new and intervening cause because such an act was not foreseeable. We have already held that Weingarten's summary judgment proof did not establish as a matter of law that the assault was not foreseeable.

■ Finally, Weingarten argues that at best, it did no more than furnish a condition which made the injury possible. Weingarten may very well be able to convince a jury of that contention. Its summary judgment proof, however, falls short of establishing as a matter of law that the connection between its conduct and Truong's injury is too attenuated to constitute legal cause. *See Doe v. Boys Clubs of Greater Dallas, Inc.,* 907 S.W.2d 472, 477 (Tex.1995).

We sustain point of error five.

Weingarten has not contended that it did not breach its duty or that Ms. Truong sustained no injury.

We sustain points of error four and six. On appeal, Truong and La do not attack the trial court's summary judgment as to WRI. Accordingly, we affirm that portion of the trial court's judgment rendering summary judgment for WRI.

We reverse the judgment in part as to Weingarten Realty Management Company, affirm the judgment in all other respects, and remand the cause to the trial court for further proceedings.

We affirm the judgment as to Sears and WRI.