**Aldofo PENA, Individually and as Representative of the Estate of Elizabeth Pena; Melissa Pena, Individually; And Randy Lee Ertman and Sandra Lee Ertman, Individually and as Representatives of the Estate of Jennifer Lee Ertman, Deceased, Appellants,**

v.

**Phan Son VAN, Individually and d/b/a P–One Food Store, Appellee.**

No. 01–96–00688–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 21, 1997.

---

**6.** As indicated in footnotes one through four, the record before us is inadequate for such a determination.

Matthew J. Prebeg, Arthur M. Glover, Jr., Houston, for Appellants.

William R. Pilat, Daniel F. Shank, Houston, for Appellee.

Before O'CONNOR, HEDGES and BASS, * JJ.

## OPINION

O'CONNOR, Justice.

This appeal is from a summary judgment, granted in the defendant's favor, in a lawsuit arising out of the assault and murder of two young girls. We examine whether proximate and superseding cause may be decided as a matter of law in the context of this summary judgment. We reverse.

### Facts

The following facts are undisputed. Elizabeth Pena, 16, and Jennifer Ertman, 14, were brutally sexually assaulted and murdered by gang members when they happened across the gang's initiation ceremony late one night. Five of the assailants, all 17 to 18 years old, were tried, convicted, and sentenced to death for the girls' murders. A sixth assailant pled guilty to aggravated sexual assault in exchange for a lesser sentence.

The Penas and the Ertmans [1] sued Phan Son Van, individually and d/b/a P–One Food Store,[2] among others, for negligence, gross negligence, and negligence per se. The plaintiffs alleged (1) the defendant was negligent in selling alcohol to the assailants, who were minors or visibly intoxicated at the time they made the purchase; and (2) the defendant's sale of the alcohol to the assailants was negligence per se, because the sale vio-

---

* The Honorable Sam H. Bass, retired Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

1. We refer to the Penas and the Ertmans collectively as the plaintiffs.

2. We refer to Phan Son Van individually and d/b/a P–One Food Store as the defendant.

lated Tex.Alco.Bev.Code § 2.02 and § 106.03 (1995).

The defendant moved for summary judgment on the ground that, as a matter of law, his conduct did not proximately cause the girls' assault and death. The trial court granted summary judgment in the defendant's favor without specifying grounds. The court severed the summary judgment, and the plaintiffs appealed.

## Standard of Review & Burden of Proof

Summary judgment is proper for a defendant if it establishes, as a matter of law, there are no issues of material fact concerning one or more of the essential elements of the plaintiff's cause of action. *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997); *Jones v. Legal Copy, Inc.*, 846 S.W.2d 922, 924 (Tex.App.—Houston [1st Dist.] 1993, no writ). Once the defendant produces evidence which entitles it to summary judgment, the plaintiff must present evidence that raises a fact issue. *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex.1996); *Haight v. Savoy Apts.*, 814 S.W.2d 849, 851 (Tex.App.—Houston [1st Dist.] 1991, writ denied).

In reviewing the granting of a summary judgment motion, we assume all evidence favorable to the non-movant is true. *Walker*, 924 S.W.2d at 377; *Jones*, 846 S.W.2d at 924. We indulge every reasonable inference in favor of the non-movant and resolve any reasonable doubt in its favor. *Science Spectrum, Inc.*, 941 S.W.2d at 911; *Jones*, 846 S.W.2d at 924.

Issues not expressly presented to the trial court by written motion, answer or other response to the summary judgment motion cannot be considered on appeal as grounds for reversal. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979); *Jones*, 846 S.W.2d at 924. On appeal, we consider all the grounds ruled on by the trial court and all the grounds preserved by the movant. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 626 (Tex.1996). That is, we review all the grounds contained in the motion for summary judgment.

## The Motion and Response

The defendant argued that, even if he had been negligent, his negligence could not have been a proximate cause of the plaintiffs' damages. The defendant argued the assailants' criminal actions were an unforeseeable, superseding cause as a matter of law. The defendant supported his summary judgment motion with the following summary judgment proof: (1) the victims' autopsy reports; (2) the assailants' indictments; (3) the judgments of conviction for capital murder; and (4) excerpts of the testimony at the criminal trial. The criminal trial testimony on which the defendant relied generally described how the girls ran into the gang members by chance and were accosted by them.

The plaintiffs filed a response to the motion for summary judgment. In that response, the plaintiffs argued (1) the defendant did not offer competent summary judgment proof excluding the sale of alcohol as a proximate cause of the incident; (2) proximate cause is generally a fact issue; and (3) although the plaintiffs had no burden to produce summary judgment evidence showing proximate cause, they did so. The plaintiffs supported their response with summary excerpts of the testimony at the criminal trial. The plaintiffs' excerpts showed that, moments before the crime, the gang members were "all hyper and drunk," "all worked up," and "getting out of control."

### 1. Proximate cause

The plaintiffs argue the defendant did not carry his burden of proving violent, criminal acts like sexual assault and murder were not foreseeable results of (and thus not proximately caused by) the sale of the alcohol.

Proximate cause is an element of each of the plaintiffs' causes of action. *See Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex.1995) (negligence); *Hudson v. Winn*, 859 S.W.2d 504, 508 (Tex. App.—Houston [1st Dist.] 1993, writ denied) (op. on rehearing) (negligence per se). The components of proximate cause are cause in fact and foreseeability. *Boys Clubs, Inc.*, 907 S.W.2d at 477. These elements cannot be

established by mere conjecture, guess, or speculation. *Boys Clubs, Inc.*, 907 S.W.2d at 477.

The test for cause in fact is whether the negligent act or omission was (1) a substantial factor in bringing about the injury and (2) one without which the harm would not have occurred. *Boys Clubs, Inc.*, 907 S.W.2d at 477. There is no cause in fact if the negligence did no more than furnish a condition which made the injury possible. *Boys Clubs, Inc.*, 907 S.W.2d at 477. Even if the injury would not have occurred but for the negligence, there is no legal cause if the connection between the negligence and the injury is too attenuated or remote. *Boys Clubs, Inc.*, 907 S.W.2d at 477.

Foreseeability requires a person of ordinary intelligence to have anticipated the danger created by the negligent act or omission. *Boys Clubs, Inc.*, 907 S.W.2d at 478. Foreseeability does not require a person to anticipate the precise injury which will occur, or the exact manner in which the injury will occur, once he has negligently created a dangerous situation. *Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex.1992) (op. on rehearing); *Brown v. Edwards Transfer Co., Inc.*, 764 S.W.2d 220, 223–24 (Tex.1988). Instead, foreseeability requires (1) the injury to be of such a general character as might have reasonably been anticipated and (2) the injured party to be so situated with respect to the wrongful act that injury might reasonably have been foreseen. *Brown*, 764 S.W.2d at 224. The question of foreseeability involves a practical inquiry based on common experience applied to human conduct. *Boys Clubs, Inc.*, 907 S.W.2d at 478. Foreseeability requires more than someone, viewing the facts in retrospect, theorizing an extraordinary sequence of events whereby the defendant's conduct brings about the injury. *Id.* (citing RESTATEMENT (SECOND) OF TORTS § 435(2) (1965)).

Generally, a third person's criminal conduct is a superseding cause relieving the negligent actor from liability. *El Chico Corp. v. Poole*, 732 S.W.2d 306, 313 (Tex. 1987); *Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d 546, 550 (Tex.1985). However, a third person's criminal acts will not supersede the actor's negligence when the criminal conduct is a foreseeable result of the negligence. *Travis*, 830 S.W.2d at 98; *El Chico*, 732 S.W.2d at 314; *Nixon*, 690 S.W.2d at 550. Whether a defendant's negligence proximately caused a plaintiff's damages is generally a fact issue. *See, e.g., El Chico*, 732 S.W.2d at 314.

### Did the Defendant Carry its Summary Judgment Evidentiary Burden?

The defendant's summary judgment evidence included the assailants' indictments and judgments of conviction. The defendant argues on appeal this evidence carried his burden of proving an unforeseeable, superseding criminal act. We disagree.

At a trial on the merits, the burden will be on the plaintiff to prove the murders were a foreseeable consequence of the sale of the alcohol to the minors and the inebriated adult. At a summary judgment proceeding, the burden is on the movant, here the defendant, to prove the murders were *not* a foreseeable consequence of the sale of the alcohol to the minors and the inebriated adult. The defendant's summary judgment proof that the murders were committed did not disprove foreseeability as a matter of law.

The plaintiffs cite a Beaumont Court of Appeals decision to show the murders could have been foreseeable. *See S & A Beverage Co. v. DeRouen*, 753 S.W.2d 507 (Tex.App.—Beaumont 1988, writ denied). In *DeRouen*, the plaintiff sued the tavern in which she was sexually assaulted for negligently serving alcohol to her assailant. *Id.* at 508. After the jury returned a verdict in the plaintiff's favor, the tavern moved for judgment notwithstanding the verdict (JNOV), arguing that the assault was an unforeseeable, superseding cause as a matter of law. *Id.* at 510. The trial court denied the JNOV, and the tavern appealed. *Id.* The *DeRouen* court affirmed the judgment. *Id.* at 511.

The Fifth Circuit Court of Appeals, applying Texas law, found first degree murder to be a superseding cause precluding liability for the negligent sale of alcohol to the murderer *after trial on the merits*. *See Skipper v. United States*, 1 F.3d 349 (5th Cir.1993).

In *Skipper*, a man shot and killed his ex-girlfriend after having been served alcohol in a bar. *Id.* at 349. The murdered woman's mother sued the bar for, among other things, negligently serving alcohol to the murderer. *Id.* at 349–50. After a bench trial, the trial court awarded damages to the mother. *Id.* at 352. The *Skipper* court reversed the judgment. The court determined that, even if the alcohol was a cause in fact of the murder, the assailant's criminal conduct was a superseding cause and not foreseeable. *Id.* at 353. Therefore, the trial court had clearly erred in finding the murder foreseeable. *Id.* at 354. Because the Fifth Circuit made that finding based on a record after a trial on the merits (not a summary judgment procedure), the plaintiff failed to introduce evidence that the murder was foreseeable. *Skipper* supports our conclusion that the case should be tried on the merits to determine the issue of foreseeability.

In our recent decision in *Truong v. Sears Roebuck & Co.*, for example, we considered whether a landlord had carried its burden of showing its negligence did not proximately cause the plaintiff's injuries. *See* 945 S.W.2d 178, 180 (Tex.App.—Houston [1st Dist.] 1997, no writ). The plaintiff in *Truong* was injured when someone stole her purse on the landlord's property. *Id.* at 180. The trial court granted summary judgment in the landlord's favor. *Id.* at 179. In reversing, we held the landlord's summary judgment evidence, its employee's affidavit that she had "no reason to know" of other criminal acts on the premises, did not establish as a matter of law the assault was unforeseeable. *Id.* at 180–81. We placed the burden on the landlord to disprove foreseeability by something more than merely proving the criminal act. It is this same burden which the defendant did not carry here.

The Texas Supreme Court has approved an amendment to rule 166a that will provide for a new type of summary judgment based on "no evidence." Under proposed rule 166a(i),[3] a party may move for summary judgment based on the other party's failure to prove its case. In the new procedure, the party with the burden of proof at trial will have the same burden of proof in a summary judgment proceeding.

In this case, if the defendant files a motion for summary judgment based on no foreseeability after September 1, 1997, the effective date of the new rule, it will be the plaintiff's burden to provide summary judgment evidence of foreseeability. If the plaintiff is not able to provide such evidence, the summary judgment will be granted, and, on appeal, will be affirmed.

Here, the defendant produced evidence Elizabeth Pena and Jennifer Ertman were raped and murdered and the meeting between them and the gang members was by chance. Although we might not be able to conceive of other evidence which would negate foreseeability under the facts and allegations of this case, that does not mean such evidence does not exist. The issue should await either a trial on the merits or a "no evidence" summary judgment. In this case, under our present summary judgment rule, the plaintiff did not have the burden of proof.

## 2. Negligence Per Se

The plaintiffs argue the defendant was negligent per se by selling alcohol to minors. For purposes of his summary judgment motion, the defendant assumed without admitting that he had sold alcohol to minors. This was not an issue at summary judgment, nor is it an issue on appeal.

■ We interpret the plaintiffs' brief to argue that the defendant can be liable for negligence per se even in the absence of, proximate causation. To the extent the plaintiffs argue this, we disagree. Whether

---

**3.** The proposed amendment to rule 166a is as follows:

**(i) No–Evidence Motion.** After adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. The motion must state the elements as to which there is no evidence. The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact.

Order of April 16, 1997, 60 Tex.B.J. 534 (amending Tex.R.Civ.P. 166a, eff. Sept. 1, 1997).

an act or omission constitutes negligence or negligence per se, no liability attaches to that negligence unless it is the proximate cause of the injuries sustained. *Hudson,* 859 S.W.2d at 508; *January v. Peace,* 738 S.W.2d 355, 357–58 (Tex.App.—Tyler 1987, writ denied); *see El Chico,* 732 S.W.2d at 313; *Nixon,* 690 S.W.2d at 549.

### 3. Texas Alcoholic Beverage Code

The plaintiffs argue the Texas Alcoholic Beverage Code does not limit their remedies against the defendant. The defendant did not move for summary judgment on the ground the code limits the plaintiffs' claims. We could not affirm the summary judgment by holding the code limits the plaintiffs' claims. *See Cincinnati Life Ins. Co.,* 927 S.W.2d at 625. This was not an issue on summary judgment and it is not relevant here. We therefore do not consider this argument on appeal.

Accordingly, we sustain the plaintiffs' sole point of error.

We reverse the trial court's judgment and remand the cause for further proceedings.