**EMERALD OIL AND GAS, L.C. On Behalf of its Working Interest Owner SAGLIO PARTNERSHIP LTD., Appellants,**

v.

**EXXON CORPORATION and Exxon Texas, Inc., As Successor in Interest to Humble Oil and Refining Co., Appellees.**

No. 13–99–757–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

Jan. 27, 2005.

Alice Oliver–Parrott, Burrow & Parrott, LLP, Candace Beth Kaiser Eindorf, Fibich, Hampton & Garth, and William Har-

dy Young, Gallagher, Young, Lewis Hampton & Downey, Houston, for Appellants.

Byron C. Keeling, Holman & Keeling, Houston, Patton G. Lochridge, W. Timothy George and Karen L. Watkins, McGinnis, Lochridge & Kilgore, Austin, Jack O'Neill, Clements, O'Neill, Pierce & Nickens, S. Jack Balagia, Houston, and Shannon H. Ratliff, Ratliff Law Firm, Austin, for Appellees.

Before Chief Justice VALDEZ and Justices HINOJOSA and CASTILLO.

## OPINION

Opinion by Chief Justice VALDEZ.

Emerald Oil & Gas, L.C. ("Emerald") sued Exxon Corp. and Exxon Texas, Inc., as successor in interest to Humble Oil & Refining Co. ("Exxon"), for wrongful conduct in plugging and abandoning oil and gas wells in the Mary Ellen O'Connor Field near Refugio, Texas. Emerald, who held mineral leases on the wells following Exxon, alleged that Exxon intentionally sabotaged the wells and misrepresented the status of the wells in public filings made with the Texas Railroad Commission. Specifically, Emerald alleged that Exxon cut casing without pulling or attempting to pull it, left non-drillable material in wellbores, filed false W–3 plugging reports with the Texas Railroad Commission, pumped tank bottoms and other pollutants into producing or disposal zones, and plugged and abandoned the wellbores in such a manner as to make re-entry difficult if not impossible. The trial court granted a partial summary judgment for Exxon on Emerald's statutory causes of action against Exxon. This judgment was severed, and Emerald appeals. We reverse and remand.

### Background

◼ As an initial matter, we note that Exxon objected to the statement of facts found in Emerald's brief on grounds that Emerald merely copied paragraphs of its petition into its brief. Accordingly, Exxon offered its own "brief statement of the undisputed facts." Exxon's objection fails to consider and apply the correct standard of review. In fact, we assume that all allegations and facts in the non-movant's pleadings are true in determining whether a cause of action exists. *Perry v. S.N.*, 973 S.W.2d 301, 303 (Tex.1998). Accordingly, the following statement of facts is premised on the allegations and facts contained in Emerald's pleadings.

Exxon leased the mineral interests on several thousand acres, the Mary Ellen O'Connor Field, near Refugio. Exxon's interest in the property spanned decades and was the result of several different leases. The oil production on the property dwindled, and Exxon attempted to renegotiate the fifty percent royalty it paid to the owners of the mineral interests. The fifty percent royalty was greater than what Exxon paid to neighboring landowners. Unsuccessful in its attempts to reduce the royalty, Exxon gradually plugged and abandoned the wells on the property. In so doing, Exxon engaged in a deliberate pattern of sabotaging the wells to prevent reentry. Exxon's actions resulted in waste, pollution, economic loss, and loss of useful wells. Exxon further misrepresented the status of the wells and the procedures undertaken in Exxon's public filings with the Texas Railroad Commission.

After Exxon's lease expired, Emerald Oil & Gas, acting on behalf of its working interest owner, Saglio Partnership, Ltd., obtained the lease of the mineral interests on the property. Emerald and the intervening royalty interest owners subsequently brought suit against Exxon alleging

wrongful conduct in the development and abandonment of the oil and gas field. Emerald bases some of its causes of action against Exxon on the fact that, in determining whether to obtain the lease on the wells, Emerald relied on Exxon's public filings with the Texas Railroad Commission. Several of Emerald's causes of action were based on the Texas Natural Resources Code, specifically including, inter alia, section 89.011, governing the duty of an operator, section 85.045, prohibiting waste in the production, storage, or transportation of oil and gas, and section 85.321, providing a suit for damages. *See* Tex. Nat. Res.Code Ann. § 89.011 (Vernon Supp.2004–05), § 89.011 (Vernon 2001); § 85.321 (Vernon 2001).

Exxon filed an amended motion for partial summary judgment against Emerald and the intervenors under rule 166a(c) governing traditional summary judgments. *See* Tex.R. Civ. P. 166a(c). It argued that it was entitled to summary judgment "as a matter of law" because: (1) a lessee who has elected to surrender its lease has no obligation to potential future lessees or operators; (2) there is no private cause of action for breach of a regulatory law duty to plug a well in a particular fashion; (3) there is no private cause of action for breach of any regulatory law duty not to commit waste; (4) the facts alleged by Emerald and the intervenors do not give rise to a claim for tortious interference with economic opportunity; and (5), in the alternative only, if the intervenors have any claim against Exxon for failure to properly plug the wells, that cause of action sounds only in contract, not in tort.

The trial court granted Exxon's motion, in part, by ruling that Exxon:

> owed no duties under Tex. Nat. Res.Code §§ 89.011, 85.045, 85.046, 85.321, and 16 Tex. Admin. Code § 3.14(c)(1) (1998) (Tex.R.R. Comm'n, Plugging) or their

respective prior versions, to potential future working interest owners, such as Emerald Oil & Gas L.C. acting on behalf of its working interest owner, Saglio Partnership, Ltd., that would give rise to a cause of action by Emerald Oil & Gas L.C., acting on the behalf of its working interest owner Saglio Partnership Ltd., against·Defendants for negligence per se; for breach of a regulatory law duty to properly plug a well; or for breach of a regulatory law duty not to commit waste.

*See* Tex. Nat. Res.Code Ann. §§ 89.011 (Vernon Supp.2004–05), 85.045 (Vernon 2001), 85.046 (Vernon 2001), 85.321 (Vernon 2001), 16 Tex. Admin. Code § 3.14. The trial court's order further denied the motion for summary judgment as to intervenors' claims for tortious interference with an economic opportunity. By separate order, the trial court severed the causes of action on which summary judgment was granted. This appeal ensued from the severed cause.

Emerald raises three issues on appeal: (1) summary judgment was improper because Exxon did not establish as a matter of law that it owed no duties to Emerald under sections 89.011, 85.045, 85.046, and 85.321 of the Texas Natural Resources Code, or volume 16, section 3.14 of the Texas Administrative Code that would give rise to a cause of action for negligence per se; (2) summary judgment was improper because Exxon did not establish as a matter of law that Exxon owed no duty to Emerald under the foregoing sections that would give rise to a cause of action for breach of regulatory duty to properly plug and abandon; and (3) summary judgment was improper because Exxon did not establish as a matter of law that Exxon owed no duty to Emerald under the foregoing sections that would give rise to a cause of

action for breach of regulatory duty not to commit waste.

## Standard of Review

We review the summary judgment de novo. *See FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Southwestern Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex.2002); *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997). Under Texas Rule of Civil Procedure 166a(c), the party moving for summary judgment bears the burden to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Haase v. Glazner*, 62 S.W.3d 795, 797 (Tex.2001); *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex.1999). We affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 626 (Tex.1996); *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989).

The movant may file a motion for summary judgment that, instead of proving or disproving facts, shows the nonmovant has no viable cause of action or defense based on the nonmovant's pleadings. *Higbie Roth Constr. Co. v. Houston Shell & Concrete*, 1 S.W.3d 808, 811 (Tex.App.-Houston [1st Dist.] 1999, pet. denied); *see,*

*e.g. Nat'l Union Fire Ins. Co. v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex.1997) (per curiam) (no duty to defend insurance claim based on pleadings and terms of policy); *Trinity River Auth. v. URS Consultants, Inc.*, 889 S.W.2d 259, 261 (Tex.1994) (petition showed statute of repose had run); *Helena Lab. Corp. v. Snyder*, 886 S.W.2d 767, 768–69 (Tex.1994) (per curiam) (no cause of action for negligent interference with family relationship).[1] When reviewing a motion for summary judgment based on the nonmovant's pleadings, the trial court must assume that all allegations and facts in the nonmovant's pleadings are true in determining whether a cause of action exists. *Perry*, 973 S.W.2d at 303; *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994); *Carreiro v. Wiley*, 976 S.W.2d 829, 831 (Tex.App.-Houston [1st Dist.] 1998, pet. denied). The court must indulge all inferences in the nonmovant's pleadings in the light most favorable to the nonmovant. *Science Spectrum, Inc.*, 941 S.W.2d at 911. Further, the court must determine that any defects in the pleadings are not curable by amendment. *In re B.I.V.*, 870 S.W.2d 12, 13–14 (Tex.1994) (per curiam).

## Analysis

We review matters of statutory construction de novo. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex.2003); *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 357 (Tex. 2000). In construing a statute, our primary objective is to determine and give

---

1. "It is well settled that the issue of whether pleadings fail to state a cause of action may not be resolved by summary judgment." *Castano v. San Felipe Agric., Mfg., & Irr. Co.*, 147 S.W.3d 444, 452 (Tex.App.-San Antonio 2004, no pet. h.) (citing *In re B.I.V.*, 870 S.W.2d 12, 13–14 (Tex.1994), *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex.1983)). Where a pleading defect can be cured by amendment, it is improper to grant summary judgment without first sustaining a special exception and permitting an opportunity to cure the defect. *See Sixth RMA Partners v. Sibley*, 111 S.W.3d 46, 54–55 (Tex.2003). Nevertheless, the parties do not address or brief the propriety of summary judgment regarding this issue on appeal, and likewise, neither will this Court.

effect to the Legislature's intent. *Tex. Dep't. of Transp. v. City of Sunset Valley,* 146 S.W.3d 637, 642 (Tex.2004); *City of San Antonio,* 111 S.W.3d at 25; *State v. Gonzalez,* 82 S.W.3d 322, 327 (Tex.2002); *see* TEX. GOV'T CODE ANN. § 312.005 (Vernon 1998). In discerning that intent, we look first to the plain and common meaning of the statute's words. *Gonzalez,* 82 S.W.3d at 327. We determine legislative intent from the entire act and not just isolated portions of the act. *City of Sunset Valley,* 146 S.W.3d at 642; *City of San Antonio,* 111 S.W.3d at 25. If the statutory language is unambiguous, we must interpret it according to its terms, giving meaning to the language consistent with other provisions in the statute. *City of Sunset Valley,* 146 S.W.3d at 642. We also consider the objective the statute seeks to obtain and the consequences of a particular construction. *Id.; see* TEX. GOV'T CODE ANN. § 311.023(3),(5) (Vernon 1998). With these principles in mind, we now turn to the parties' arguments.

Although Exxon argues otherwise, section 85.321 of the Texas Natural Resources Code provides a basis for Emerald's causes of action against Exxon. Section 85.321 of the code states that:

A party who owns an interest in property or production that may be damaged by another party violating the provisions of this chapter that were formerly a part of Chapter 26, Acts of the 42nd Legislature, 1st Called Session, 1931, as amended, or another law of this state prohibiting waste or a valid rule or order of the commission may sue for and recover damages and have any other relief to which he may be entitled at law or in equity. Provided, however, that in any action brought under this section or otherwise, alleging waste to have been caused by an act or omission of a lease owner or operator, it shall be a defense that the lease owner or operator was

acting as a reasonably prudent operator would act under the same or similar facts and circumstances.

TEX. NAT. RES.CODE ANN. § 85.321 (Vernon 2001). This language is clear and unambiguous, and we will interpret it as written. This section expressly grants a cause of action to Emerald, a party who is alleging that its interest in production was damaged by Exxon's violations of the code and other applicable laws. This reading of the statute is in accord with other cases referencing the effect of section 85.321. *See HECI Exploration Co. v. Neel,* 982 S.W.2d 881, 890 (Tex.1998) ("When a mineral or royalty interest owner is damaged by a violation of the conservation laws of this state or a Railroad Commission rule or order, section 85.321 of the Texas Natural Resources Code ... expressly provides for a damage suit against the offending operator."); *In re Apache Corp.,* 61 S.W.3d 432, 435 (Tex.App.-Amarillo 2001, orig. proceeding) (Through section 85.321, "the legislature unmistakably declared its intent to allow those owning an interest in realty who have suffered injury due to a violation of some rule or order of the TRC to sue for and recover damages and other relief."); *H.G. Sledge, Inc. v. Prospective Inv. & Trading Co.,* 36 S.W.3d 597, 606 n. 10 (Tex.App.-Austin 2000, pet. denied) (acknowledging that section 85.321 "provides jurisdiction for suits for damages"); *see also Turnbow v. Lamb,* 95 F.2d 29, 31 (5th Cir.1938) (construing predecessor statute).

Contrary to these authorities, Exxon relies on *Magnolia Petroleum Co. v. Blankenship,* 85 F.2d 553 (5th Cir.1936), for the proposition that the predecessor to section 85.321 "did not grant a new, private cause of action for damages or other relief not previously available to a property owner or producer." *See id.* at 556. We conclude that such reliance is misplaced, however, because *Magnolia* concerns the enforce-

ment of a Railroad Commission order rather than a matter of civil litigation between private parties. *See id.*

In reaching this determination, we note that other provisions of the natural resources code also recognize private causes of action. *See, e.g.,* TEX. NAT. RES.CODE ANN. § 111.095 (Vernon 2001); *Id.* § 134.182 (Vernon 2001). Moreover, such an interpretation is consistent with the overall legislative intent to prevent waste and preserve natural resources. *See, e.g.,* TEX. NAT. RES.CODE ANN. § 89.001 (Vernon 2001) (stating that the "conservation and development of all natural resources of this state are declared to be a public right and duty"). In this regard, we note that the preservation of our natural resources is an issue of constitutional dimension. *See* TEX. CONST. art. 16, § 59 (stating that "the preservation and conservation of all such natural resources of the State are each and all hereby declared public rights and duties; and the Legislature shall pass all such laws as may be appropriate thereto").

Exxon contends that the recognition of a private cause of action is unnecessary given that the Railroad Commission has the power to enforce the provisions of the natural resources code and statewide rules. However, the Legislature has directly addressed this argument. Section 85.322 of the code specifically states that none of the provisions of chapter 85, and:

> no suit by or against the commission, and no penalties imposed on or claimed against any party shall impair or abridge or delay a cause of action for damages or other relief that an owner of land or a producer of oil or gas, or any other party at interest, may have or assert against any party violating any rule or order of the commission....

TEX. NAT. RES.CODE ANN. § 85.322 (Vernon 2001).

Exxon argues that recognizing a duty from Exxon to Emerald, a future lessee, would "inflict an undue burden on mineral lessees." However, the statute merely requires operators to follow the conservation laws of the state of Texas. Moreover, section 85.321 by its own terms provides a defense for lessees where the "lease owner or operator was acting as a reasonably prudent operator would act under the same or similar facts and circumstances." *Id.* § 85.321 (Vernon 2001). The statute further limits the liability of violators for "damages that may occur as a result of acts done or omitted to be done by them or each of them in a good faith effort to carry out this chapter." *Id.* § 89.045 (Vernon 2001).

Exxon further argues that it owes no duty to Emerald given that Emerald owned no rights in the wells at the time of the alleged tortious acts. We see nothing in the statute's language or in its underlying purposes to support a conclusion that the Legislature intended to limit the statute's application regarding when the injured party acquired its interest or when the statutory violations occurred. The section contains no limiting language regarding the time of ownership or time of violation. Accordingly, we conclude that Emerald may assert a cause of action against Exxon.

According to Emerald's pleadings, which are presumed true for purposes of this appeal, Exxon intentionally sabotaged wells and misrepresented the status of the wells in filings with the Railroad Commission. We conclude that Emerald's pleadings sufficiently set forth facts, which, if proven, would give rise to legally cognizable causes of action against Exxon. Accordingly, we reverse the summary judgment and remand this matter to the trial

court for further proceedings consistent with this opinion.