Arthur CHAPMAN, Jr., and Judith M. Lukens Individually & as Next Friend of John Chapman, Appellants,

v.

OSHMAN'S SPORTING GOODS, INC., Oshman Sporting Good Co., Texas aka Oshman's Sporting Goods of Texas and Ronald Buede, Appellees.

No. C14–89–00930–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 7, 1990.

Rehearing Denied June 28, 1990.

K. Michael Mayes, Conroe, for appellants.

Jim Barker, M. Karinne McCullough, Houston, for appellees.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

CANNON, Justice.

Scott Chapman, son and brother of appellants, was shot by Ronald Buede on March 16, 1988. Buede was later convicted of murder for the shooting. Appellants filed this wrongful death action against Buede, and named appellees [Oshman's] as defendants because the gun used to kill Chapman was purchased by an Oshman's employee and later re-sold to Buede. The trial court granted summary judgment in favor of appellees and ordered this portion of the case severed from the allegations remaining against Buede. Appellants raise seven points of error to challenge the judgment of the trial court. Since appellants failed to present any summary judgment evidence that Buede's intervening criminal conduct was foreseeable, appellee's successfully negated an essential element of appellants' causes of action. We affirm the judgment below.

When reviewing the grant of a summary judgment, this court does not view the evidence in the light most favorable to the judgment of the trial court. Instead, we must view the evidence in favor of the nonmovant, resolving all doubts and indulging all reasonable inferences in favor of reversal of the summary judgment. *Nixon v. Mr. Property Management*, 690 S.W.2d 546, 549 (Tex.1985); *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929, 931 (Tex.1952).

At either the trial or appellate level, the question is not simply whether the non-movant raised a material fact issue to defeat the motion. Rather, unless the movant proved it was entitled to judgment as a matter of law, this court must remand the case for a trial on the merits. *Gibbs v.*

*General Motors Corp.*, 450 S.W.2d 827, 828–829 (Tex.1970). The standards that must be applied when reviewing a summary judgment have been clearly mandated by the Texas Supreme Court in *Nixon v. Mr. Property Management*, 690 S.W.2d at 548:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management* 690 S.W.2d at 548–549; *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984); *Wilcox v. St. Mary's University of San Antonio*, 531 S.W.2d 589, 592–93 (Tex. 1975). Further, this court must not consider evidence that favors the movant unless it is uncontroverted. *Great American Reserve Co. v. San Antonio Plumbing Supply*, 391 S.W.2d 41, 47 (Tex.1965).

■ The judgment of the trial court cannot be affirmed on any grounds not specifically presented in the motion for summary judgment. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 675 (Tex.1979). Likewise, the nonmovants objections must have been in writing and before the trial court at the time of the hearing on the motion for summary judgment. *Id.* at 677. However, the trial court has properly granted summary judgment where, as here, the defendant has established that at least one element of the plaintiff's cause of action fails as a matter of law. *Gibbs v. General Motors Corp.*, 450 S.W.2d at 828.

■ Appellants assert, under various theories, that Oshman's was negligent, negligent per se, or that it was vicariously

negligent through the acts or omissions of its employee. Whether an act or omission, either directly or vicariously, constitutes negligence or negligence per se, no liability attaches to that negligence unless it is the proximate cause of the injuries sustained. *El Chico Corp. v. Poole*, 732 S.W.2d 306, 313 (Tex.1987); *Nixon*, 690 S.W.2d at 549; *Missouri Pacific R.R. v. American Statesman*, 552 S.W.2d 99, 103 (Tex.1977). Proximate cause consists of two elements, cause in fact and foreseeability. Both elements must be established or no liability will attach to the defendant. *El Chico Corp.*, 732 S.W.2d at 313; *Nixon*, 690 S.W.2d at 549; *Missouri Pacific* 552 S.W.2d at 103.

■ Even assuming, arguendo, that Oshman's was directly or vicariously negligent in the sale of the gun, Buede's criminal conduct was a superceding cause that relieved Oshman's of liability. Once Oshman's presented as summary judgment evidence a certified copy of Buede's guilty plea and judgment of conviction for first degree murder, appellants could defeat Oshman's motion for summary judgment only by presenting evidence that raises a factual issue as to whether Buede's criminal conduct was foreseeable. *Nixon*, 690 S.W.2d at 550.

■ The record is devoid of any evidence[1] suggesting that there was anything Buede said or did, or anything in his behavior or demeanor, that would have placed Oshman's, or its employee, Schanfish, on notice that, if possessed of the gun, Buede would engage in criminal conduct. The Taurus .357 used to shoot Scott Chapman was purchased on March 1, 1986 by Oshman's employee Neil Schanfish using his employee discount. Later the same day, Schanfish personally sold the gun to Buede. The appellants' deposition testimony, offered in response to Oshman's motion for summary judgment, establishes that Schanfish and Buede had at least a casual friendship, and that Schanfish knew that Buede was familiar with and interested in

---

1. The legal conclusions stated in the affidavit of firearms expert C.E. "Chick" Anderson are not proper summary judgment proof. A legal conclusion in an affidavit is insufficient to raise an issue of fact in response to a motion for summary judgment. *Mercer Daoran Corp.*, 676 S.W.2d 580, 583 (1984).

the sporting use of guns. Buede had been into the store a number of times and had had Schanfish show him a variety of guns. He had, at different times during the month leading up to the shooting, been accompanied by Scott Chapman, Scott's brother John, and had even brought Scott's father into the store to introduce him to Scanfish, who sold him two of the Taurus .357 pistols then on sale. John Chapman was with Buede when he initially looked at the handguns and decided to buy the Taurus pistol that was on sale. He didn't purchase it that day, because he didn't have the money. John said two or three weeks passed before Buede actually bought the gun from Scanfish. The shooting, for which Buede was convicted of first degree murder, did not occur until March 16, 1986, over two weeks after he bought the gun. There is no evidence that should have alerted Oshman's or Schanfish that Buede intended to use the Taurus .357 for anything but legal purposes.

Appellants attempt to excuse themselves from the necessity of presenting summary judgment evidence that raised a fact issue on the foreseeability of Buede's criminal conduct by asserting that, in this instance, Oshman's was negligent per se for selling the pistol to person under the age of twenty-one.[2] There is a fact question as to whether Oshman's knew, or should have known, that Buede was only nineteen when he bought the gun from Schanfish. There is also a fact question as to whether Schanfish was acting within the course and scope of his employment when he re-sold the gun to Buede. However, even if we assume that Oshman's was negligent per se, foreseeability remains an essential element of appellants' causes of action. *El Chico Corp.*, 732 S.W.2d at 313; *Nixon*, 690 S.W.2d at 549; *Missouri Pacific* 552 S.W.2d at 103.

For this court to find from the summary judgment evidence in this record that a fact issue exists as to the foreseeability of Buede's criminal conduct, we would be paving the way for a rule of strict liability for gun retailers no matter how attenuated the criminal conduct is from the sale of the gun. We decline to do so. While there are certainly factual situations which may make criminal conduct the foreseeable result of the sale of a gun, those hypothetical situations are not before us. In this instance, as a matter of law, there was no reason for Oshman's, or Schanfish, to anticipate that Buede would use the gun he purchased for a criminal purpose and the trial court properly rendered summary judgment. *See Peek v. Oshman's Sporting Good, Inc.*, 768 S.W.2d 841, 847 (Tex. App.—San Antonio 1989, writ denied); *Diggles v. Horwitz*, 765 S.W.2d 839, 841 (Tex. App.—Beaumont 1989, writ denied); *January v. Peace*, 738 S.W.2d 355, 358–59 (Tex. App.—Tyler 1987, writ denied).

Oshman's summary judgment evidence and response to appellants' motion for partial summary judgment also establish, as a matter of law, that appellants' could not recover on their allegations concerning products liability or joint venture. Appellants' presented no summary judgment evidence that the Taurus pistol was defective, and Texas has not recognized the manufacture or sale of a handgun as an ultra-hazardous activity giving rise to strict liability. *Diggles*, 765 S.W.2d at 841. Therefore, they cannot recover under a products liability claim. Additionally, appellants presented no evidence of any relationship between Schanfish and Oshman's other than that of employer-employee, which does not even raise a fact issue as to their joint venture theory.

Oshman's successfully negated at least one essential element of each of appellants' causes of action. The trial court properly denied appellants' motion for partial summary judgment, and correctly rendered summary judgment in favor of Oshman's. Appellants' seven points of error are overruled.

The judgment of the trial court is affirmed.

---

**2.** 18 U.S.C.A. § 922(b)(1) (West 1976) prohibits the sale of handguns to persons under the age of twenty-one.

ELLIS, Justice, dissenting.

Because I believe that foreseeability is inherently an issue for the trier of fact, I would reverse and remand for trial. I respectfully dissent from the decision of my colleagues.