Robert G. CARREIRO, Appellant,

v.

Edward WILEY, Rebecca Wiley, & Jeromy Wiley a/k/a Jeromy Garza, Appellees.

No. 01–97–00175–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

June 18, 1998.

Rehearing Overruled July 30, 1998.

Gregory A. Stewart, Houston, for Appellant.

Peter M. Kelly, Brian M. Chandler, Houston, for Appellees.

Before COHEN, O'CONNOR and WILSON, JJ.

## OPINION

O'CONNOR, Justice.

Robert Carreiro (the plaintiff), appeals from summary judgment granted in a lawsuit arising out of the murder of his daughter, Kynara Carreiro.

### Facts

The facts giving rise to this lawsuit are undisputed. Kynara, age 7, and Kristin Wiley, age 10, were murdered in the Wileys' house by Rex Mays. At the time of the murders, the Wileys were at work and no one was on the premises supervising the girls. Mays was tried, convicted, and sentenced to death for the girls' murders.

The summer of 1992 was the first time Edward and Rebecca Wiley, Kristin's parents, left their children at home alone during the work day. They instructed Jeromy Garza Wiley, age 14, Kristin's half-brother, to keep all doors and windows locked, report by telephone at least hourly on their activities, and to keep Kristin with him, have her stay inside with the doors locked, or, if they were going to be separated, see to it that Kristin went to a neighbor's house. On the day of the murders, Jeromy left the house, leaving his sister and her friend, Kynara, home alone. He did not lock the front door.

The Wiley parents knew before the day of the murders that Jeromy did not always report as required, "as many 14–year–olds, he had a lapse in judgment … about reporting on time."

The plaintiff sued Edward, Rebecca, and Jeromy Wiley under the wrongful death act and the survival statute.[1] TEX. CIV. PRAC. & REM CODE §§71.002(b), 71.021 (1998). The Wileys will be referred to as the defendants. The plaintiff sued the Wiley parents for breaching their duty of care to Kynara, and sued Jeromy Wiley for negligence in failing to perform the duties delegated to him by his parents.

The defendants moved for summary judgment on the ground that Mays' criminal act was the superseding cause of Kynara's injuries and death. The trial court granted the defendants' motion for summary judgment.

### Standard of Review & Burden of Proof

■ Summary judgment is proper when a defendant establishes, as a matter of law, there are no issues of material fact concerning one or more of the essential elements of the plaintiff's cause of action. *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997); *Pena v. Van*, 960 S.W.2d 101, 103 (Tex.App.—Houston [1st Dist.] 1997, pet. filed).

■ On appeal, when reviewing the sufficiency of the grounds, we will affirm the summary judgment if the motion for summary judgment includes any valid grounds to support the judgment. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 626 (Tex.1996); *Pena*, 960 S.W.2d at 103. We will not consider any ground for reversal that was not expressly presented to the trial court by

---

1. Plaintiff also named Rex Mays as a defendant. After defendants were sued, the defendants filed a pleading called an "intervention," and sued the following defendants: Nancy Mays (Rex Mays's wife), Dane Sever (the Mayses' landlord), and the Inwood North Neighborhood Association (the homeowners association). Nancy Mays, Sever, and the homeowners association were dismissed or nonsuited; a default judgment was taken against Rex Mays. At the time of this appeal, the only parties remaining in the suit were the plaintiff and the Wiley family.

written motion, answer, or other response to the motion for summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979); *Pena*, 960 S.W.2d at 103.

■ When a motion for summary judgment is based on the insufficiency of the nonmovant's pleadings, on appeal we assume all allegations and facts in the pleadings are true. *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex.1994); *see also American Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 434 (Tex.1997) ("[I]t is not incumbent upon a plaintiff nonmovant to produce evidence supporting the allegations made in her pleadings...."). We indulge every reasonable inference in favor of the nonmovant and resolve any reasonable doubt in its favor. *Science Spectrum, Inc.*, 941 S.W.2d at 911; *Pena*, 960 S.W.2d at 103.

### The Pleadings

In his petition, the plaintiff alleged the Wiley parents negligently delegated the responsibility to supervise Kristin, their daughter, and Kynara, the plaintiff's daughter, to Jeromy, who they knew or should have known lacked the necessary discipline to undertake that responsibility; and for negligently failing to check on the girls when Jeromy did not report each hour, as he was required. The plaintiff alleged that it was reasonably foreseeable that when the Wiley parents failed to properly supervise the young children, it would expose the children to hazards likely to result in serious bodily injury or death.

The defendants filed a general denial. In their motion for summary judgment, the defendants argued that, no matter what theories the plaintiff asserted, they could not be held liable for their negligence because the chain of causation was severed by the willful, intentional, and criminal actions of Mays. The defendants claimed Mays's criminal actions were a superseding cause of the plaintiff's

injuries. The defendants *did not* argue they were not negligent or that they could not have foreseen the criminal act. Therefore, for purposes of this appeal, we must assume that the plaintiff's allegations regarding negligence and foreseeability are true.

In his response to the summary judgment, the plaintiff reiterated that the Wiley parents were negligent for leaving the children unsupervised, the defendants' negligence was a proximate cause of Kynara's death, even though May's criminal acts was also a proximate cause, and the incident was foreseeable. The defendants did not file a reply to the plaintiff's response.

### Foreseeability & Superseding Cause

■ In point of error two, the plaintiff argues the defendants did not prove, as a matter of law, that Mays's violent, criminal act was not the foreseeable result of, and thus not proximately caused by, their failure to properly supervise Kynara and Kristin. We agree.

■ On this summary judgment record, the defendants did not allege, much less prove, that their negligence was not one of the causes of the death of Kynara. The defendants raised the issue that May's criminal acts were a superseding cause. However, the defendants never stated in their motion for summary judgment that their negligence was not a cause of Kynara's death or that the injury was not foreseeable.[2] In their motion, the defendants alleged:

> 10. ... [T]his action is ripe for summary judgment on the Plaintiff's cause of action because the willful, intentional, and criminal act of Rex Mays constitutes a superseding cause of the injuries, thereby insulating the Wiley Defendants from any liability for their alleged negligence.

---

2. In *Chapman v. Oshman's Sporting Goods, Inc.*, 792 S.W.2d 785, 787 (Tex.App.—Houston [14th Dist.] 1990, writ denied), the court held that once a defendant presented summary judgment evidence proof that criminal conduct caused the harm, the plaintiff could only defeat summary judgment by presenting evidence raising a fact issue as to whether the criminal act was foreseeable. We think this holding of *Chapman* shifts the burden of proof to the plaintiff prematurely. *To shift the burden of proof on summary judgment to the plaintiff, a defendant must show a criminal act was a cause of the harm *and* the criminal act was not foreseeable.*

11. The rule of [Restatement (Second) of Torts] § 448 as adopted in *Nixon* [*v. Mr. Property Management Co.*, 690 S.W.2d 546 (Tex.1985),] contains an exception that the defendant might be held liable if the criminal act of the third party is a foreseeable result of the defendant's allegedly negligent actions. In order for Plaintiff to defeat this motion for summary judgment, he will have to demonstrate that this action falls within that exception by providing admissible evidence of "specific crimes on or near the areas where the event took place."

[Citations omitted.]

As stated earlier, when a motion for summary judgment is based on the allegations in the nonmovant's pleadings, we must assume all the allegations and facts in the pleadings are true. *Natividad*, 875 S.W.2d at 699. Because the defendants did not allege in their motion that they were not negligent in their own conduct or that they could not have foreseen the criminal act, we must assume that they were negligent and they could have foreseen the criminal act. *Cf. Walker v. Harris*, 924 S.W.2d 375, 376–77 (Tex.1996) (defendants' motion for summary judgment alleged that, as property owners, they did not owe plaintiff a duty to protect from criminal acts of third parties because stabbing was not foreseeable).

We sustain point of error two.

### Conclusion

Because we sustain point of error two, we do not find it necessary to address the plaintiff's points of error one or three.

We reverse the trial court's judgment and remand the cause for further proceedings.

O'CONNOR, J., concurs.

O'CONNOR, Justice, concurring.

I agree that the judgment should be reversed, but for different reasons than the majority. Thus, I do not join the majority opinion.

In *Chapman v. Oshman's Sporting Goods, Inc.*, 792 S.W.2d 785, 787 (Tex.App.—Houston [14th Dist.] 1990, writ denied), the court held that once a defendant proved that a criminal act was the intervening and superseding cause of an injury, the burden then shifted to the plaintiff to present evidence raising an issue on foreseeability. *Chapman* is the only case I know that expressly makes the plaintiff prove the injury was foreseeable. To win a summary judgment, the defendant generally must prove the crime was not foreseeable. The *Chapman* plaintiffs lost because they did not prove the crime was foreseeable.

In *Walker v. Harris*, 924 S.W.2d 375, 377–78 (Tex.1996), the supreme court did not state, as the *Chapman* court did, that the burden shifted to the plaintiff to prove foreseeability, but it ruled as if that were the law. It affirmed a summary judgment in an apartment security case because the plaintiffs failed to prove the murder was foreseeable. The court examined the evidence of neighborhood crimes and found it was insufficient to make that murder foreseeable. *Walker*, 924 S.W.2d at 377–78. The *Walker* holding indicates that this summary judgment should be affirmed because appellant here proved less neighborhood crime than did the plaintiffs in *Walker*. The entire record on this subject is Jeromy Wiley's deposition statement that police were dispatched once to some unidentified premises (not the Wileys' house) on the Wileys' street due to a burglary before July 20, 1992 (the offense date) and that on a different occasion, a car was stolen from the Wileys' driveway. Nothing shows when those events happened, and Jeromy testified that his house, the site of these murders, was never burglarized. Nothing shows that the Wileys knew or should have known before this crime occurred that the unidentified house on their street was burglarized at the unstated time. That is much less than the level of crime shown in *Walker v. Harris*.

Despite this weak evidence, there is something unusual in this record that makes it inappropriate for summary judgment. The Wileys are defendants in this severed case, but, like appellants, they also sued Rex Mays's wife, Rex Mays's landlord, and the Inwood North Homeowners Association. In their pleadings, the Wileys claimed that

Mays's crime was foreseeable. That is the opposite of what they now claim. It raises a fact issue. For that reason, I concur in reversing the summary judgment.