Cause No









Cause
No. 14-03-00261-CV Affirmed; Cause No. 14-03-00728-CV Dismissed for Want of
Jurisdiction; and Opinion filed July 26, 2005.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-00261-CV

_______________

 

SOUTHWEST INVESTMENTS DIVERSIFIED, INC., Appellant

 

V.

 

ESTATE OF MARILYN GAIL MIESZKUC, Appellee 

 

___________________________________________________________

 

On Appeal from the 295th District Court

Harris County, Texas

Trial Court Cause No. 2001-64861-A 

___________________________________________________________

 

NO. 14-03-00728-CV

_________________

 

 

SOUTHWEST INVESTMENTS DIVERSIFIED, INC., Appellant

 

V.

 

BERND J. LINDEN, BOBBY R. JACKSON, D.A. CULWELL, DAVID
WIGHT, JAMES C. PATTERSON, JEANNE E. ABERNATHY, L.S. BROWN, MARJORIE H.
PATTERSON, MICHAEL G. ABERNATHY, PETER R.L. HALL, PHILLIP M. COX, RICHARD F.
GAY, ROBERT J. BACON, JR., 








SHELLY LESIKAR, WARREN H. BADGER, JR., WILLIAM L.
SCHAUMBERG, 

WILLIAM V. CONDREY, WOODY LESIKAR, AIRDROME HOLDINGS,
INC., 

BROWN, GAY & ASSOCIATES, INC., N/K/A BROWN &
GAY ENGINEERS, INC., CIRCLE J. AERO, INC., CULWELL-MOORE, INC., DAVID WIGHT
CONSTRUCTION CO., LTD., 

ELEVEN DELTA CORP., FLIGHT ENTERPRISES, INC., PERRY
FINANCIAL CORP., 

WAREHOUSE ASSOCIATES OF HOUSTON, INC., TERRA HOLDINGS,
LTD., JAMES L. DUNN & ASSOCIATES, INC., GARY BECK, COMMEMORATIVE AIR FORCE,
DON MCGILL TOYOTA, INC., 

CS&P CRYOGENICS, INC., TRIBBLE & STEPHENS CO.,
IZEN & ASSOCIATES, P.C., 

ROBERT C. GRAMLING, ENEX INTERNATIONAL, INC., WADE
WEINER, GLYNN BUIE, 

RONALD G. COOK, ARNOLD MILLER, CRAWFORD & BEADLE, 

JOE LYNCH, ELSA DANIELS, JAMES L. DUNN, SR., JOSEPH A.
MATTINGLY TRUST, WOODROW V. LESIKAR FAMILY TRUST, CAROLYN ANN LESIKAR MOON AND WEST
HOUSTON AIRPORT SUBDIVISION OWNERS ASSOCIATION, Appellees

___________________________________________________________

 

On Appeal from the 295th District Court

Harris County, Texas

Trial Court Cause No. 2001-64861 

___________________________________________________________

 

O P I N I O N








In these
two consolidated appeals, we are asked to review the propriety of amendments
made to restrictive covenants on land used as a private airport facility.  We first address appellant Southwest
Investments Diversified, Inc.=s (ASIDI@) challenge to the trial court=s order declaring the amended
covenants valid.  SIDI contends the
covenants were improperly amended, are illegal, and against public policy.  SIDI also challenges the trial court=s ruling sustaining appellees= objections to SIDI=s summary judgment evidence.  In both appeals, SIDI contends the trial
court erred in granting summary judgment on its damage claims.  Numerous appellees filed cross-appeals (Across-appellants@),[1]
claiming the trial court erred in finding one provision in the amended
covenants invalid.  Having concluded the
orders appealed from in Appellate Cause No. 14-03-00728-CV are interlocutory,
we dismiss that appeal for lack of jurisdiction.  In Appellate Cause No. 14-03-00261-CV,
however, we conclude SIDI waived its appellate argument and nonetheless, failed
to plead an actionable claim against the Estate of Marilyn Mieszkuc; therefore,
we affirm the trial court=s judgment in that cause.  


I.  Factual
and Procedural Background

A.        Facts

In 1981,
SIDI purchased a tract of land subject to restrictive covenants (A1980 CCRs@) located in one of three airport
subdivisions owned by Woody Lesikar Aircraft Sales and Service, now known as
the West Houston Airport Corporation (AAirport@). 
In 1999, the restrictive covenants for all three subdivisions were
amended (A1999 CCRs@). 
In effect, the amended covenants (1) combined the three subdivisions
into one subdivision, designated as the AWest Houston Airport Subdivision@ (ANew Subdivision@); (2) created the West Houston
Airport Subdivision Owners Association (AAssociation@); and (3) granted the Airport a
right of first refusal on the sale of any tract within the New
Subdivision.  SIDI did not sign the
amendments. 

Shortly
thereafter, SIDI filed suit against the Airport, the Association, the Estate of
Marilyn Mieszkuc (AEstate@),[2]
and various property owners, claiming the 1980 CCRs[3]
had not been properly amended, did not authorize the creation of an owner=s association, and pursuant to the
Texas Property Code, there was insufficient notice of the 1999 CCRs to the
property owners. 








B.        The Parties
and Their Claims

SIDI sought a declaratory judgment invalidating the 1999 CCRs
and asserted civil conspiracy and cloud of title causes of action against the
Association, the Airport, and the Estate, as well as those property owners who
had signed the 1999 CCRs.[4]  The trial court subsequently ordered SIDI to
include additional property owners, and 
SIDI filed its second amended original petition, its live pleading in
the case, adding additional property owners.[5]


Several of the defendants filed counterclaims.  The Association filed a counterclaim against
SIDI for unpaid maintenance assessments for the years 2000, 2001, 2002, and
2003.  The Airport asserted counterclaims
against SIDI for breach of an easement agreement and breach of a license
agreement.[6]   In addition, one property owner, Don McGill
Toyota, asserted a counterclaim against SIDI for attorney=s fees,[7]
and in their answers, James L. Dunn & Associates, Inc., James L. Dunn, Sr.,
and Wade Weiner alternatively joined the suit as intervenors in SIDI=s claims against the Airport and the
Association.  








C.        The Parties= Motions and Their Dispositions

SIDI moved for summary judgment on its declaratory judgment
action, including its cloud on title claim, arguing that the 1999 CCRs were
invalid because (1) fifty-one percent of the AOwners@BBas that term is defined in the 1980
CCRsChad not signed them, and (2) the
right of first refusal created by the 1999 CCRs constituted an illegal
conveyance of SIDI=s interest in real property, thus creating a cloud on its
title to the property. 

Subsequent to SIDI=s motion, twenty-eight defendants[8]
jointly moved for summary judgment asserting that (1) the 1999 CCRs were valid
and properly enacted, (2) SIDI=s civil conspiracy and cloud of title claims failed as a
matter of law, and (3) SIDI had no evidence that the twenty-eight defendants
had specific intent to injure SIDI and no evidence that SIDI suffered any
damages from the alleged conspiracy. 
These same defendants filed objections to and a motion to strike SIDI=s summary judgment evidence. 

The Estate also filed a motion for summary judgment arguing
that SIDI had no actionable claim because Mieszkuc had merely acted as the
opposing parties= attorney.  The Estate
asserted that (1) Mieszkuc owed no duty to SIDI; (2) SIDI failed to state an
actionable underlying tort; (3) Mieszkuc could not conspire with her clients;
and (4) Mieszkuc had not signed, adopted, nor voted for the amendments.  The Estate also moved for summary judgment
based on the validity of the amendments. 
The trial court granted the Estate=s summary judgment motion in part
and, shortly thereafter, severed SIDI=s claim against the Estate from its
claims against the remaining defendants. 








The trial court also entered several orders disposing of the
remaining motions.  The court granted
SIDI=s summary judgment motion to the
extent the 1999 CCRs created a right of first refusal in the Airport, declaring
the provision invalid, but otherwise denied SIDI=s motion.  The court also granted the twenty-eight
defendants= summary judgment motion, except as
it pertained to the right of first refusal, and ordered a take-nothing judgment
against SIDI in favor of those defendants. 
The trial court also sustained the twenty-eight defendants= objections to SIDI=s summary judgment evidence, granting
their motion to strike the evidence.  

In addition, the trial court granted the twenty-eight
defendants= jointly filed motion requesting the
trial court take judicial notice of the following: (1) all property owners in
the New Subdivision are subject to the 1999 CCRs as modified by the trial court=s previous order, and (2) the
interests of all property owners in the validity of the 1999 CCRs had been
adjudicated by the court=s order granting the defendants= summary judgment motion.  The court also entered several other orders:  (1) granting summary judgment on the
Association=s counterclaim, (2) granting Don
McGill Toyota=s summary judgment motion to the
extent it requested a take nothing judgment against SIDI,[9]
and (3) denying the twenty-eight defendants= motion for attorney=s fees, taxing fees against the party
incurring those fees.  The court also
awarded costs against SIDI.  The trial
court then entered an order severing the Airport=s counterclaims against SIDI from the
remaining claims.  SIDI appeals these
latter orders in our Appellate Cause No. 14-03-00728-CV (ACause No. 0728@), and appeals the order granting
summary judgment to the Estate in Appellate Cause No. 14-03-00261-CV (Cause No.
0261@). 








II.  Issues 

On appeal, SIDI contends that (1) the 1980 CCRs were not
properly amended because the required percentage of AOwners@ in the subdivision did not approve
them; (2) the broad changes made in the 1999 CCRs exceed the amendment powers
in the 1980 CCRs and violate public policy; and (3) the trial court improperly
struck its summary judgment evidence. 
Regarding its conspiracy claims,[10]
SIDI also argues that the trial court erred in granting summary judgment
because (a) the summary judgment motions were solely based on SIDI=s pleadings, and (b) Mieszkuc had
knowingly committed or conspired to commit fraudulent or illegal activities
and, therefore, even as a non-client, SIDI has standing to sue her Estate.  

Cross-appellants argue the trial court erred in refusing to
recognize the validity of the right of first refusal provision contained in the
1999 CCRs because SIDI purchased the property subject to a right of first
refusal.

A.        Jurisdiction
in Appellate Cause No. 0728

The parties indicate in their briefs that the summary
judgments in this case were made final by the trial court=s order severing the Airport=s claims.  An examination of the record, however,
reflects that SIDI=s conspiracy claims against a number of defendants were not
disposed of in the trial court=s orders[11]
and consequently, the summary judgments appealed from in Cause No. 0728 are
interlocutory.[12]  See Lehmann v. Har-Con Corp., 39
S.W.3d 191, 206 (Tex. 2001).








Even when not raised by the parties, we must inquire into our
jurisdiction to consider an appeal.  See
M.O. Dental Lab v. Rape, 139 S.W.3d 671, 673 (Tex. 2004); Tex. Ass=n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex.
1993).  Absent a statutory or
constitutional source of authority for review of an interlocutory order, our
appellate jurisdiction is limited to final judgments.  Lehmann, 39 S.W.3d at 195.  A judgment is final for purposes of appeal if
it disposes of all parties and claims pending on the record in the case, or if
it states with Aunmistakable clarity@ that it is a final judgment as to
all claims and parties.  Id. at
192B93; see also Rape, 139 S.W.3d
at 673B75. 
To determine whether an order actually disposes of all pending claims
and parties, we may look to the record in the case.  Lehmann, 39 S.W.3d at 205B06; see also Rape, 139 S.W.3d
at 674 (concluding that an examination of the record revealed a judgment was
final).  If the record does not
affirmatively demonstrate our jurisdiction, the appeal must be dismissed.  Garcia v. Comm=rs Court of Cameron County, 101 S.W.3d 778, 784 (Tex. App.CCorpus Christi 2003, no pet.).  Further, there is no presumption that a
motion for summary judgment addresses all of the movant=s claims, nor is a claim waived
merely because it is not expressly addressed in a movant=s motion.  Parks v. DeWitt County Elec. Co-op, Inc.,
112 S.W.3d 157, 161 (Tex. App.CCorpus Christi 2003, no pet.) (citing McNally v. Guevara,
52 S.W.3d 195, 196 (Tex. 2001)). 

In its amended petition, in addition to seeking a declaratory
judgment concerning the invalidity of the 1999 CCRs, SIDI also alleged in part
that the defendants Aconspired and aided and abetted the efforts of one another in
order to misuse and abuse their authority and/or influence by drafting and
adopting/attempting to adopt and enforce unlawful, unfair and oppressive
restrictions as they pertain to the Property.@ 
There is nothing in the record to indicate, however, the disposition of
SIDI=s conspiracy claims against the
defendants not joined in the twenty-eight defendants= summary judgment motion, nor any
language in the trial court=s orders indicating a final judgment was rendered in the
case. 








In their motion, the twenty-eight defendants argued that SIDI=s conspiracy claims failed as a
matter of law because they had not engaged in an underlying tort nor an
unlawful act, and had not acted with any specific intent to injure SIDI.  The twenty-eight defendants also argued that
SIDI had no evidence it had suffered damages due to the alleged conspiracy.  In its order granting the motion, the trial
court rendered judgment in favor of those twenty-eight defendants, released and
acquitted them of all claims asserted by SIDI, and also awarded costs.[13]


Likewise, the court=s order granting the motion to take
judicial notice addressed all the property owners= interests in the validity of the
1999 CCRs, stating the following:

Twenty-Eight Defendants= Motion
to Take Judicial Notice is in all things granted, that this Court does hereby
take judicial notice that the [1999 CCRs] . . . are valid except for the right of first refusal is void.  The [1999 CCRs] apply to all property owners
in the [New Subdivision] . . . . All property owners in the Subdivision and
their successors in interest are subject to the [1999 CCRs] as modified by this
Court=s March 28, 2003 Order.

It
is further ORDERED that the interests of all Subdivision property owners in
the validity of the [1999 CCRs] were adjudicated by the Court=s March 28, 2003 Order.








(emphasis added).[14]  Although the court=s order addresses the property owners= interests in the validity of the
1999 CCRs, it does not dispose of SIDI=s conspiracy claims against the
remaining defendants.[15]  Consequently, these orders do not dispose of
all SIDI=s conspiracy claims.

The court also (1) granted summary judgment to the
Association on its counterclaim and ordered SIDI to pay attorney=s fees, pre-judgment and
post-judgment interest to the Association; (2) granted Don McGill Toyota=s summary judgment motion, ordering
SIDI take nothing against Don McGill and awarding Don McGill court costs; (3)
denied the twenty-eight defendants= request for attorney=s fees, but awarded the defendants
costs of court; and (4) severed the Airport=s claims against SIDI.  But, again, none of these orders contain any
language indicating the finality of the court=s judgment in the case.  SIDI filed its notice of appeal following
these orders.

Although the trial court=s orders disposed of SIDI=s claims against the twenty-eight
defendants, addressed the interests of all the defendants properly joined in
the suit in the 1999 CCRs, and addressed additional claims and requests for
attorney=s fees in the case, the record fails
to reflect the disposition of SIDI=s conspiracy claims against the other
defendants filing answers in the case. 
Nor is there anything in the record to evidence that the declaratory
judgment action was severed from SIDI=s conspiracy claims.    








We acknowledge that an appellate court must not dismiss an
appeal for formal defects or procedural irregularities without allowing a
reasonable time to correct those matters, nor dismiss an appeal if a trial
court=s erroneous action or inaction
prevents the proper presentation of an appeal and can be corrected;[16]
in this case, however, the record does not affirmatively reflect that a final
judgment was rendered in the case disposing of all claims and parties.  Further, this is not a case in which SIDI=s conspiracy claims were not properly
before the court when summary judgment was rendered, and the record
affirmatively reflects that some of the defendants not joining in the
twenty-eight defendants= motion had filed an answer in the suit.  Unaddressed claims and parties properly
before the court are not matters we can construe as merely perfunctory or
ministerial.  In Lehmann, the
supreme court stated that an appellate court could abate an appeal if there was
uncertainty about the intended finality of the trial court=s orders.  Lehmann, 39 S.W.3d at 206; see also
Tex. R. App. P. 27.2.  Here, however, the record reflects that
claims remain in the suit and, while the trial court and the parties may have
presumed all claims and parties were disposed of,[17]
we cannot speculate as to the intended disposition of the remaining claims
based on an absence of their mention in the record.

Because the record indicates that SIDI=s conspiracy claims against several
owners were not disposed of and there is no finality language in any of the
court=s orders, SIDI cannot maintain its
appeal of interlocutory orders. 
Accordingly, we order the appeal in Cause. No. 0728 dismissed for lack
of jurisdiction.    

We now address SIDI=s appeal of the summary judgment in
favor of the Estate in Cause No. 0261.








B.        SIDI=s Claim Against the Estate 

In its summary judgment motion, the Estate argued that SIDI
had no actionable conspiracy claim against it because Mieszkuc had merely acted
as the opposing parties= attorney.  The trial court granted the Estate=s motion Aas to
conspiracy claims@ and
ordered a take-nothing judgment in its favor on Aall
claims@ asserted
by SIDI.[18]  On appeal, SIDI asserts that summary judgment in favor of the
Estate was in error because (1) the summary judgment motion was solely based on
SIDI=s pleadings, and (2) Mieszkuc
knowingly committed or conspired to commit fraudulent or illegal activities
and, therefore, even as a non-client, SIDI has cause to sue her Estate.[19]

We apply the well established summary judgment standard of
review.  Provident Life & Accident
Ins. Co. v. Knott, 128 S.W.3d 211, 215B16 (Tex. 2003) (reviewing summary
judgment under a de novo standard, viewing all evidence in light favorable to
non-movant and indulging every reasonable inference in his favor).   








1.         Discussion

SIDI=s chief contention on appeal regarding the Estate=s summary judgment is that the Estate
failed to provide evidence establishing there was no conspiracy.  SIDI argues that, because the summary
judgment was based solely on its pleadings, which it asserts is improper, the
trial court erred in granting the summary judgment.  SIDI, however, has waived this issue for our
review by failing to raise any objection to the use of the summary judgment
procedure in the trial court.  See San
Jacinto River Auth. v. Duke, 783 S.W.2d 209, 210 (Tex. 1990) (noting
objection to summary judgment motion based on pleadings must be preserved); Ball
v. Smith, 150 S.W.3d 889, 893 (Tex. App.CDallas 2004, no pet.); Higbie Roth
Const. Co. v. Houston Shell & Concrete, 1 S.W.3d 808, 811 (Tex. App.CHouston [1st Dist.] 1999, pet.
denied).  Moreover, even assuming SIDI
had preserved the issue, its argument is without merit. 

Questions of law are appropriate matters for summary
judgment.  Rhone-Poulenc, Inc. v.
Steel, 997 S.W.2d 217, 222 (Tex. 1999). 
A movant may file a summary judgment motion that, instead of proving or
disproving facts, shows the non-movant has no viable cause of action.  See Higbie, 1 S.W.3d at 811.  In that instance, we review the propriety of
summary judgment based on the non-movant=s pleadings.  Id. 
To determine whether a cause of action exists under the circumstances
pleaded, the court must assume that all of the facts alleged by the non-movant
are true and indulge all reasonable inferences in the light most favorable to
the non-movant.  Id. at 811B12; see Carreiro v. Wiley, 976
S.W.2d 829, 831 (Tex. App.CHouston [1st Dist.] 1998, pet. denied) (citing Natividad
v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994)).  Neither this court nor the trial court,
however, must assume that any legal conclusions stated in the pleadings are
true.  Higbie, 1 S.W.3d at 812. 








In its
motion, the Estate argued that SIDI could not establish its conspiracy claim as
a matter of law because SIDI had alleged only that Mieszkuc conspired to draft
and adopt the 1999 CCRs; thus, there was no underlying tort involved, and
because Mieszkuc acted only as an agent for her client, she could not legally
be considered an independent party capable of engaging in a conspiracy.  The Estate argued further that (1) there was
no attorney-client relationship between Mieszkuc and SIDI; (2) because Mieszkuc
did not sign or adopt the 1999 CCRs, she could not be liable for an alleged
cloud on SIDI=s title; and (3) Mieszkuc owed no
duties to SIDI in contract or by law.[20]

Essentially,
the Estate argued in its motion that it was entitled to judgment because SIDI=s claims, as alleged in its petition,
were not cognizable under Texas law. 
Consequently, presenting summary judgment evidence was not necessary
because the arguments merely required an analysis of applicable law.  See, e.g., Higbie, 1 S.W.3d at
811. 








Although
SIDI alleged generally in its pleadings that Mieszkuc conspired with Lesikar in
preparing the amended covenants, SIDI=s allegations against Mieszkuc were
based on her drafting of the 1999 CCRs. 
SIDI did not allege that Mieszkuc acted as its attorney, nor did it
assert any allegations of fraud against Mieszkuc.  Even construing these pleadings as true, SIDI
failed to allege an actionable claim against the Estate and summary judgment in
its favor was not error.  See, e.g.,
Chapman Children=s Trust v. Porter & Hedges, 32 S.W.3d 429, 441B42 (Tex. App.CHouston [14th Dist.] 2000, pet.
denied) (concluding that summary judgment in favor of law firm was proper
because allegations of conspiracy and fraud involved only acts undertaken as
part of the firm=s duties as counsel to an opposing party).[21]
 Accordingly, we affirm the trial court=s judgment in the case.  

III.  Conclusion

In
conclusion, in appellate Cause No. 14-03-00728-CV, because the record discloses
that the trial court=s orders appealed from by SIDI do not dispose of all parties
and claims, we lack jurisdiction to review that appeal.  See Lehmann, 39 S.W.3d at 192B93. 
Accordingly, we dismiss the appeal in cause No. 14-03-00728-CV.  Because SIDI failed to preserve its appellate
argument concerning its conspiracy claim against the Estate and moreover,
cannot sustain its cause of action as pleaded, we affirm the trial court=s grant of summary judgment in Cause
No. 14-03-00261-CV. 

 

/s/        Eva M.
Guzman

Justice

 

Judgment rendered and Opinion filed
July 26, 2005.

Panel consists of Justices Yates,
Edelman, and Guzman. 

 

 











[1]  Those
appellees are: West Houston Airport Subdivision Owners Association, Bobby
Jackson, D.A. Culwell, Jr., D.A. Culwell, Sr., James Patterson, Jeanne
Abernathy, Shelly Lesikar, Woody Lesikar, Flight Enterprises, Inc., Airdrome
Holdings, Inc., Eleven Delta Corp., and the Woodrow V. Lesikar Family
Trust.  





[2]  Attorney
Marilyn Gale Mieszkuc represented the Airport at the time the covenants were
amended and prepared the 1999 CCRs.  





[3]  SIDI also
alleged the covenants for another of the subdivisions had not been properly
amended.  The record, however, reflects
that SIDI does not own any property in the other subdivisions and the dispute
between the parties as presented centers on whether the 1980 CCRs were properly
amended. 





[4]  SIDI initially
filed suit against the following property owners:  Bernd J. Linden, Bobby R. Jackson, D.A.
Culwell, David Wight, James C. Patterson, Jeanne E. Abernathy, L.S. Brown,
Marjorie H. Patterson, Michael G. Abernathy, Peter R.L. Hall, Phillip M. Cox,
Richard F. Gay, Robert J. Bacon, Jr., Shelly Lesikar, Warren H. Badger, Jr.,
William L. Schaumberg, William V. Condrey, Woody Lesikar, Airdrome Holdings,
Inc., Brown, Gay & Associates, Inc., Circle J. Aero, Inc., Culwell-Moore,
Inc., David Wight Construction Co., Inc., n/k/a David Wight Construction Co.,
Ltd., Eleven Delta Corp., Flight Enterprises, Inc., Perry Financial Corp., and
Warehouse Associates of Houston, Inc. 





[5]  The following
defendants were added to the suit through SIDI=s
amended petition:   Terra Holdings, Ltd.,
James L. Dunn & Associates, Inc., Gary Beck, Commemorative Air Force, Don
McGill Toyota, Inc., CS&P Cryogenics, Inc., Tribble & Stephens Co.,
Izen & Associates, P.C., Robert Gramling, Enex International, Inc., Wade
Weiner, Glynn Buie, Ronald G. Cook, Arnold Miller, Crawford & Beadle, Joe
Lynch, Elsa Daniels, James L. Dunn, Sr., Joseph A. Mattingly Trust, Woodrow V.
Lesikar Family Trust, and Carolyn Ann Lesikar Moon.   





[6]  Following the
trial court=s orders in this case, the Airport=s counterclaims against SIDI were severed from the
original cause of action and are not before us in this appeal.  





[7]  Another
defendant, Glynn Buie, also sought attorney=s fees
pursuant to the Declaratory Judgment Act. 
Don McGill Toyota filed a summary judgment regarding its claim for
attorney=s fees, but Buie did not.  In its order denying the twenty-eight
defendants= request for attorneys= fees,
the trial court ordered that all attorney=s fees
incurred in the suit were to be taxed against the party incurring those
fees.  





[8]  Those
twenty-eight defendants are: (1) Bobby R. Jackson, (2) D.A. Culwell, (3) David
Wight, (4)  James C. Patterson, (5)
Jeanne E. Abernathy, (6) L.S. Brown, (7) Marjorie H. Patterson, (8) Michael G.
Abernathy, (9) Richard F. Gay, (10) Robert J. Bacon, Jr., (11) Shelly Lesikar,
(12) Warren H. Badger, Jr., (13) William L. Schaumberg, (14) Rhonda Ingham,
(15) William V. Condrey, (16) Woody Lesikar, (17) Airdrome Holdings, Inc., (18)
Brown, Gay & Associates, Inc., (19) Circle J. Aero, Inc., (20)
Culwell-Moore, Inc., (21) David Wight Construction Co., Inc., n/k/a David Wight
Construction Co., Ltd., (22) Eleven Delta Corp., (23) Flight Enterprises, Inc.,
(24) Enex International, Inc., (25) Tribble & Stephens Co., (26) Woodrow V.
Lesikar Family Trust, (27) the Airport, and (28) the Association (collectively,
Atwenty-eight defendants@).   





[9]  Although the
trial court denied Don McGill Toyota=s
request for attorney=s fees, the court granted its request for costs of
court.  





[10]  Although SIDI
states generally that summary judgment on its Adamage
claims@ was in error, in its brief SIDI=s argument refers only to its conspiracy claims. 





[11]  Those owners
are as follows:  Bernd J. Linden, Phillip
M. Cox, Perry Financial Corp., Warehouse Associates of Houston, Inc., Terra
Holdings, Ltd., James L. Dunn & Associates, Inc., James L. Dunn, Sr., Gary
Beck, Commemorative Air Force, Izen & Associates, P.C., Glynn Buie, Elsa
Daniels, Joseph A. Mattingly Trust, and Carolyn Ann Lesikar.





[12]  There is no
finality issue concerning the trial court=s
judgment against SIDI in Cause No. 0261. 
In that case, the trial court=s orders
disposed of the matter before it as reflected in the record, and SIDI does not
argue that any claims against the Estate, other than conspiracy, survived
summary judgment.      





[13]
The trial court=s order
referred to the twenty-eight defendants joining in the motion generally, but
specifically named only twenty-five of those defendants.  





[14]  The record
indicates that Peter R.L. Hall, CS&P Cryogenics, Inc., Robert C. Gramling,
Ronald G. Cook, Arnold Miller, Crawford & Beadle, and Joe Lynch did not
file an answer in the suit.  There is
nothing in the record indicating these owners were properly served, nor any
indication of SIDI=s intent to serve these parties.  See M.O. Dental Lab v. Rape, 139
S.W.3d 671, 674B75 (Tex. 2004) (affirming holding in Youngstown
Sheet & Tube Co. v. Penn, 363 S.W.2d 230, 232 (Tex. 1962), that if
record reflects no intent to serve non-answering party, the judgment may be
construed as final for purposes of appeal). 
Regardless of these owners however, SIDI=s
conspiracy claims against other defendants filing an answer in the suit were
not disposed of in the trial court=s
orders.





[15]  Moreover, a
trial court cannot grant summary judgment in favor of parties who have not
moved for summary judgment.  Tex. R. Civ. P. 166a; LaGoye v.
Victoria Wood Condo. Ass=n, 112
S.W.3d 777, 784 (Tex. App.CHouston [14th Dist.] 2003, no pet.) (citing Teer v.
Duddlesten, 664 S.W.2d 702, 703 (Tex. 1984)).  





[16]  See Tex. R. App.
P. 44.3, 44.4.  





[17]  During a
hearing on one of the summary judgment motions, a discussion concerning the
motion to take judicial notice occurred and SIDI=s
counsel noted that some of the property owners had not filed answers in the
suit.  In response, the court stated AI went ahead with the summary judgments with people
who didn=t answer . . . 
I am going to go ahead and make this final.@  Even assuming
without deciding that we would consider the court=s
statement in discerning its intent regarding finality, the statement pertains
only to the validity of the 1999 CCRS and non-answering defendants.  Cf. Aguilar v. LVDVD, L.C., 70 S.W.3d
915, 917 (Tex. App.CEl Paso 2002, no pet.) (reasoning that an appellate
court may be able to look to a transcription of the summary judgment hearing to
ascertain whether an issue was actually presented to and considered by the
trial court, citing City of Houston v. Clear Creek Basin Auth., 589
S.W.2d 671, 677 (Tex. 1979)).  The court=s statement does not reflect an intention to dispose of
SIDI=s conspiracy claims nor the remaining answering
defendants.     





[18]  The Estate
also moved for summary judgment on the basis the 1999 CCRs were valid and
legally adopted.  In its order the trial
court granted summary judgment only as to SIDI=s
conspiracy claims, specifically striking through the language in the proposed
order regarding the validity of the 1999 CCRs. 
In its brief, the Estate asserts that by striking through the language,
the court did not directly rule on the issue and suggests we affirm summary
judgment on that ground, in the interest of judicial economy.  But, even were we to assume the trial court
did not rule on that ground, the Estate merely adopts the briefs of the
appellees= in Cause No. 0728 as its appellate argument.  In light of our disposition of Cause No.
0728, we cannot conclude that judicial economy is served by reviewing the issue
in Cause No. 0261.  See Cincinnati
Life Ins. Co. v. Cates, 927 S.W.2d 623, 626 (Tex. 1996) (stating that if
the trial court expressly states the ground on which it granted the motion, we
must consider that ground and may consider other grounds the trial court
did not rule on in the interest of judicial economy); see also Cox v. Upjohn
Co., 913 S.W.2d 225, 228 (Tex. App.CDallas
1995, no writ) (concluding that striking through language in final judgment
indicated the trial court specifically limited its ruling to the other ground
asserted).   





[19]  The Estate argued in its summary judgment motion that SIDI=s only claim against it was for
conspiracy and the trial court granted summary judgment on the conspiracy
claim.  The remaining language of the
court=s order granted the Estate a
take-nothing judgment on Aall claims@ asserted against it by SIDI.  In its
brief, SIDI does not argue that any other claims it may have asserted against
the Estate survived summary judgment; therefore, on appeal we address only SIDI=s conspiracy claim. 
See Tex. R. App. P. 38.1(h);
Fields v. City of Tex. City, 864 S.W.2d 66, 68 n.1 (Tex. App.CHouston [14th Dist.] 1993, writ denied) (noting that
arguments may be abandoned on appeal if not addressed in appellate brief).     





[20]  The Estate
attached to its motion a copy of the 1980 CCRs, excerpts from the deposition of
SIDI=s corporate representative, Peyton Waters, and a copy
of the 1999 CCRs. 





[21]  Further, we
also note that in its response to the Estate=s
motion, in addition to requesting a continuance to conduct further discovery in
connection with the conspiracy claim, SIDI asserted that the deposition
testimony of James Patterson, a property owner, supported its claim.  Patterson=s
testimony evidenced that he had been asked to sign the 1999 CCRs prior to
reading them, in order to make the filing deadline.  After reading the 1999 CCRs, Patterson wrote
a letter to Lesikar in which he stated he had concerns about the 1999 CCRs and
that he had signed them under Aduress.@  Patterson also testified however that (1) he
did not mean Aduress@ in a legal sense, but only that Lesikar needed him to
sign the 1999 CCRs hurriedly because of the filing deadline; (2) Lesikar met
with him following his letter and allayed his concerns about the 1999 CCRs; (3)
Lesikar offered him the option of rescinding his agreements with the Airport,
including the 1999 CCRs; (4) he concluded the new restrictions were in his best
interests as a property owner; and (5) if he were currently asked to sign the
CCRs, he would sign them without any reservations.  Patterson also stated he wrote a subsequent
letter in an attempt to Anegate@ his first letter. 
Finally, Patterson testified that he never had any communications with
Miezskuc or any other defendant concerning drafting, adopting or enforcing the
1999 CCRs.  Patterson=s testimony fails to raise a fact issue sufficient to
defeat the Estate=s summary judgment motion in this case.  See, e.g., Chapman Children=s Trust v. Porter & Hedges, 32 S.W.3d 429, 441B42 (Tex.
App.CHouston [14th Dist.] 2000, pet. denied).